UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARLENE BENSON, ET AL.** | **CIVIL ACTION** |
| **versus** | **No. 05-2777** |
| **REGIONAL TRANSIT AUTHORITY, ET AL.** | **SECTION: "I"/4** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, the City of New Orleans ("City"). Plaintiffs in this matter are Darlene and Robert Benson. For the following reasons, the motion for summary judgment is **DENIED.**

### *Background*

This case arises out of an injury to Darlene Benson that occurred when she stepped into an open junction box hole, owned and controlled by the City, on Canal Street in New Orleans. On July 7, 2005, plaintiffs filed their complaint, asserting that defendant Regional Transit Authority ("RTA") was liable for the hazardous condition caused by the open hole.[1]  In her second amended

---

[1] Rec. Doc. No. 1.

complaint, plaintiffs alleged that the City was liable in the event the hole was owned by the City.[2]  The City subsequently acknowledged ownership of the hole and all other defendants were dismissed on motion of plaintiffs.[3]  The City filed the present motion for summary judgment on March 20, 2007.

### *Relevant Facts*

On June 10, 1005, plaintiffs were sightseeing at the foot of Canal Street, near the Aquarium of the Americas, when Darlene Benson stepped into an open hole, injuring her left foot.[4] Plaintiffs assert that neither of them saw the hole prior to Darlene Benson stepping into it.[5]  As a result of this injury, plaintiffs assert that Darlene Benson has undergone three surgeries on her foot, including a fusion of a joint in the foot.[6]

The hole is an uncovered traffic light junction box, 13.5 by 13.5 inches, with a depth of 11.5 inches.[7]  Two digital photos were taken of the hole and made part of the Harbor Police incident report prepared by the officer who responded on the scene.[8]  One

---

[2] Rec. Doc. No. 19.

[3] Rec. Doc. No. 50.

[4] Rec. Doc. No. 58-3, p. 2; Rec. Doc. No. 60, p. 1.

[5] Rec. Doc. No. 60, p. 1.

[6] Rec. Doc. No. 60, p. 2.

[7] Rec. Doc. No. 65-6, p. 1.

[8] Rec. Doc. No. 65-2, p. 3.

such photo submitted into the record exhibits plant growth in the hole.[9] The City maintains computer complaint logs of complaints made to it regarding defective conditions at junction boxes, but the City has no record of any complaint about the junction box hole in question for the time period beginning June 10, 2004 through June 10, 2005.[10]

## *Law and Analysis*

### I. Rule 56 Standard

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation

---

[9] Rec. Doc. No. 65-3. Plaintiffs state in their supplemental memorandum that Exhibit 2 is a Harbor Police photograph of the hole, taken on June 10, 2005. Rec. Doc. No. 65, p. 1.

[10] Rec. Doc. No. 58-2.

omitted).

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999) (internal quotation and citation omitted) (alternation in original).

**II. Analysis**

Defendant asserts that it is entitled to summary judgment

because plaintiffs cannot establish the actual or constructive notice required to hold the city liable[11] and, alternatively, plaintiffs cannot establish that the hole constituted an unreasonable risk of harm.[12]

To impose liability on a public entity for negligence, plaintiffs must prove: 1) the defendant had custody and control of the thing which caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm to others; (3) the defendant had actual or constructive notice of the defect; and, (4) causation. *Rogers v. State ex rel. Dept. of Transp. and Development*, 813 So. 2d 495, 502 (La. Ct. App. 4th Cir. 2002) (citing *Bessard v. Dept. of Trans. & Development*, 645 So. 2d 1134, 1136 (La. 1994)).

**A. Notice**

The notice requirement is principally in dispute here. "Actual notice is provided by reporting the defect to a governmental employee who has a duty either to keep the property involved in good repair or to report dangerous conditions to the proper authorities." *Hanson v. Benelli*, 719 So. 2d 627, 636 (La.

---

[11]The notice and knowledge component of La. Civ. Code art. 2317.1 changed the former strict liability standard for custodians to that of negligence. *Melton v. Smith*, 940 So. 2d 89, 93-94 (La. Ct. App. 2d Cir. 2006). Likewise, pursuant to La. Rev. Stat. §9:2800, a public entity may only be held liable under La. Civ. Code Art. 2317 if it had actual or constructive notice of the defect. La. Rev. Stat. §9:2800. Therefore, plaintiffs may only recover under a negligence theory of liability and not pursuant to strict liability.

[12]Rec. Doc. No. 58-3, p. 3. The City has conceded that it owns the junction box. Rec. Doc. No. 58-3, p. 3.

Ct. App. 4th Cir. 1998). "Constructive notice" in negligence cases is defined as "the fact that the defect or condition had existed for such a period of time it would have been discovered and repaired if the public body had exercised reasonable care." *Lutz v. City of Shreveport*, 637 So. 2d 636, 639 (La. Ct. App. 2d Cir. 1994). "[A] public entity may not ignore or fail to take reasonable and timely steps to discover apparent or obvious defects in the things they own, possess, or operate and escape liability by relying on the notice requirement of La.R.S. 9:2800." *Oxley v. Sabine River Authority*, 663 So. 2d 497, 507 (La. Ct. App. 3d Cir. 1995).

Whether the City had constructive notice of the defect here is a contested issue of material fact. *See Joseph v. City of New Orleans*, 842 So. 2d 420, 426 (La. Ct. App. 4th Cir. 2003). Louisiana caselaw holds that the City may be liable depending on the length of time that the defect was in existence, knowledge of City workers of the defect, and other relevant factors. *See, e.g.*, *Joseph*, 842 So. 2d at 425; *Lutz*, 637 So. 2d at 640. In this case, a jury could find, based on the plant growth in the hole and other evidence that may be submitted by plaintiffs at trial, that the hole remained open in a prominent public area for a substantial period prior to the accident such that the City had constructive notice of the danger. Therefore, summary judgment may not be granted on this basis.

**B. Unreasonable Risk**

Defendant also argues that because "plaintiff clearly failed to see what she had every opportunity to," the hole was not unreasonably dangerous and the City cannot be held liable for plaintiffs' injuries. Many factors are considered in determining whether something presents an unreasonable risk of harm, including: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and (6) the social utility involved. *Solito v. Horseshoe Entertainment*, 834 So. 2d 610, 614 (La. Ct. App. 2d Cir. 2002) (citing *Lasyone v. Kansas City S. R.R.*, 786 So. 2d 682, 693 (La. 2001)). The degree to which a danger may be observed by a potential victim is another factor to be considered. *Durmon v. Billings*, 873 So. 2d 872, 876 (La. Ct. App. 2d Cir. 2004). "[W]here a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." *Id.* at 877.

Contrary to defendant's assertions, the Court finds, at a minimum, that whether the hole was unreasonably dangerous also involves contested issues of material fact. As stated in *Solito*, "a determination that a defect presents an unreasonable risk of harm predominantly encompasses an abundance of factual findings." *Solito*, 834 So. 2d at 614. An allegation that a defect was "open and obvious" is "merely another factor to be weighed in the

risk-utility balance." *Joseph*, 842 So. 2d at 424.  This balancing is a matter for the trier of fact and not a basis on which summary judgment may be granted.[13]  Moreover, the Court notes that Louisiana is a comparative fault state and a plaintiff is not barred from recovery even if her injury was partly the result of her own negligence.[14]

For the above and foregoing reasons,

**IT IS ORDERED** that defendant's motion[15] for summary judgment is **DENIED**.

New Orleans, Louisiana, April   3rd  , 2007.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[13]*Joseph*, 842 So. 2d at 423 (citing *Reed v. Wal-Mart Stores, Inc.*, 708 So. 2d 362, 365 (La. 1998)).  The Court also notes that *Durmon*, cited by defendant, is distinguishable on the facts.  In that case, plaintiff was aware of the muddy conditions that resulted in her fall, yet chose to continue walking in the maze.  *Durmon*, 873 So. 2d at 877.  Unlike the open and obvious muddy condition of the path in *Durmon*, plaintiffs here assert that they were unaware of the 13.5 by 13.5 inch hole into which Darlene Benson stepped.

[14]La. Civ. Code art. 2323 ("If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.").

[15]Rec. Doc. No. 58.